# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RUE21, INC.,

    Plaintiff,

v.

MS. BUBBLES, INC., ET AL,

    Defendants.

Civil Action No. 2:16-cv-01189

Judge Mark R. Hornak

## OPINION

**Mark R. Hornak, United States District Judge**

Pending before the Court is the Plaintiff's Motion to Remand this action to the Court of Common Pleas of Butler County, Pennsylvania. (ECF No. 8). Additionally, Defendants have requested reimbursement for the costs they accrued in opposing Plaintiff's Motion to Remand. For the reasons that follow, Plaintiff's Motion to Remand will be granted and Defendants' request for costs will be denied.

## BACKGROUND

The alleged facts that underlie this case are relatively simple. Plaintiff is a clothing retailer, and Defendants are all clothing vendors. Between October 2014 and March 2015, Plaintiff contracted to buy clothing from each Defendant using written purchase orders, which were attached to Plaintiff's Complaint. (ECF No. 1-2). Plaintiff alleges that Defendants unjustifiably canceled the purchase orders and refused to supply Plaintiff with the ordered clothing. Defendants admit that they did not supply the clothing but claim that they had other rights that excused their performance of the terms of the purchase orders. Plaintiff filed this breach of contract action in state court on June 23, 2016, and Defendant removed the case to this

Court on August 8, 2016 on the basis of diversity of citizenship. 28 U.S.C. § 1332. On August 26, 2016, Plaintiff timely filed a Motion to Remand. 28 U.S.C. § 1447(c).

## **DISCUSSION**

In the Motion to Remand, Plaintiff's sole argument is that Defendants' removal was untimely. Plaintiff cites to 28 U.S.C. § 1446(b)(1), which states in part that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C.A. § 1446(b)(1). Plaintiff claims that Defendants removed the case 42 days after receiving the Plaintiff's Complaint via service on June 27, 2016, rather than within the statutory 30 days.

Defendants, on the other hand, argue that their removal was timely because the Complaint did not allege any amount in controversy triggering the diversity jurisdiction of this Court. They contend that they therefore were not aware that the action was removable until they conducted their own investigation into the case. Furthermore, Defendants request the costs they incurred in opposing Plaintiff's Motion to Remand because Plaintiff failed to fulfill its meet and confer obligations.

In its Reply brief, Plaintiff asserts that the Complaint provided Defendants with adequate notice that the amount in controversy exceeded the requisite $75,000 (exclusive of costs and interest). 28 U.S.C. § 1332(a). To support this position, Plaintiff cites to its allegation in the Complaint that the purchase orders were "in an amount exceeding $4 million." (Complaint ¶ 19). Plaintiff also cites to the fact that all of the purchase orders at issue were attached to the Complaint. *See* Fed. R. Civ. Pro. 10(c).

Neither party denies that § 1332's requirement of diversity of citizenship is met in this case or that the amount in controversy is in fact over $75,000. Thus, given the time constraints of 28 U.S.C. § 1446(b)(1), the question for the Court is whether or not Defendants were on notice as of June 27, 2016 (the date they received the Complaint) that the amount in controversy exceeded $75,000. As the Third Circuit has clarified, "[T]he amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993). Additionally, the Third Circuit has explained that "[t]he general federal rule is to decide the amount in controversy from the complaint itself." *Id.* at 145 (citing *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890 (1961)).[1]

After reviewing the Complaint, the Court agrees with Plaintiff that the Complaint adequately notified Defendants that the amount in controversy was over $75,000. Although the Court declines to decide whether Plaintiff's statement that the purchase orders totaled "an amount exceeding $4 million" would have been sufficient standing alone to so notify Defendants, the purchase orders that were attached to the Complaint clearly tip the scales in favor of the Plaintiff's position. Because this is a breach of contract action based on claims that Defendants completely canceled their contracts with Plaintiff, "a reasonable reading of the value of the rights being litigated" is the full value of the clothing ordered by the Plaintiff from each Defendant—the sum of the prices Plaintiff would have paid to Defendants had the transactions proceeded as originally intended. *Id.* at 146. These specific prices are easily found in the purchase orders, and Defendants could quickly have used elementary arithmetic to add them up

---

[1] Thus, the Defendants' contention that such claimed amounts could or would be reduced by the application of doctrines such as mitigation of damages is not determinative at this point.

and ascertain that the amount in controversy as to each of them was much higher than $75,000.[2]

Thus, Defendants were on notice from the Complaint that the amount in controversy exceeded $75,000, and pursuant to 28 U.S.C. § 1446(b)(1), they should have filed their Notice of Removal no later than July 27, 2016.

## CONCLUSION

Accordingly, Plaintiff's Motion to Remand is granted. Defendants' request for costs associated with their Opposition to Plaintiff's Motion to Remand is denied as moot.

An appropriate Order will issue.

Mark R. Hornak
United States District Judge

Dated: October 3, 2016

cc: All counsel of record

---

[2] Although the Third Circuit has not ruled on the matter, other courts in our Circuit have noted that "[a] single plaintiff's claims against more than one defendant are aggregated to determine the jurisdictional amount in controversy only if the claims are so 'integrated' and 'tied together by combination or conspiracy, as to make the relief single;' otherwise, 'where a plaintiff alleges independent, several liability against more than one defendant, plaintiff's claims against each defendant must individually satisfy the amount in controversy requirement'" *Kmart Corp. v. Gator Feasterville Partners*, No. CIV.A. 13-345, 2013 WL 5309265, at *1 (E.D. Pa. Sept. 20, 2013) (quoting *C.D. Peacock, Inc. v. Neiman Marcus Group, Inc.*, 1998 WL 111738, at *2 (E.D. Pa., Mar.9 1998)). The parties disagree about whether or not Ms. Bubbles, Inc. does business under the name Bella D, Inc. (Complaint ¶ 4, Answer ¶ 4). It is not necessary for the Court to decide this factual matter because the purchase orders show that Plaintiff ordered over $75,000 worth of clothes from both of Ms. Bubbles, Inc. and Bella D, Inc. Thus, whether or not they are fully separate entities is irrelevant; both were on notice that the amount in controversy as to each of them exceeded $75,000.

4